IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TAM OUM,           ) | No. C 11-4238 JSW (PR) |
|                          ) | |
|     Petitioner,          ) | **ORDER OF DISMISSAL** |
|                          ) | |
|   vs.                    ) | |
|                          ) | |
| R. GROUNDS, Warden,      ) | |
|                          ) | |
|     Respondent.          ) | |
|                          ) | |
| _____ ) | |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at the California Training Facility, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging a decision by the Board of Parole Hearings to deny him parole. This order dismisses the petition for failing to state a cognizable claim for federal habeas relief.

## DISCUSSION

Petitioner claims that the denial of parole violated his right to due process because it was not supported by sufficient evidence. The United States Supreme Court has held that a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, 131 S.Ct. 859, 863 (2011). The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an

opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at 862. The transcript of the parole hearing shows that Petitioner received an opportunity to be heard and a statement of the reasons parole was denied. The Constitution does not require more. *Id.* The Court in *Swarthout* explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Id.* It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863. In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, Petitioner's claim that the Board's decision was not supported by any evidence fails to state a viable basis for federal habeas relief.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. Furthermore, Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights and that a reasonable jurist would find this Court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: September 26, 2011

JEFFREY S. WHITE
United States District Judge

2

|   |   |
|---|---|
|   | UNITED STATES DISTRICT COURT |
|   | FOR THE |
|   | NORTHERN DISTRICT OF CALIFORNIA |

DAVID TAM OUM,

        Plaintiff,

  v.

RANDY GROUNDS et al,

        Defendant.
                             /

Case Number: CV11-04238 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 26, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David T. Oum
CTF
E93938
P.O. Box 689
Soledad, CA 93960

Dated: September 26, 2011

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk